■     DAVID FELSEN, Respondent, v. SOL CAFE MFG. CORP. et al., Appellants.— Appeal by defendants, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered March 10, 1967, as is in favor of plaintiff. Judgment affirmed insofar as appealed from, with costs. No opinion. Benjamin, Munder and Martuscello, JJ., concur; Beldock, P. J., concurs in the affirmance of the judgment as to defendant Sol Cafe Mfg. Corp., but otherwise dissents and votes to reverse the judgment and dismiss the complaint as to defendant Chock Full O'Nuts Corporation, with the following memorandum, in which Rabin, J., concurs: In his complaint, plaintiff alleged that he and defendant Sol Cafe Mfg. Corp. entered into a written employment contract and that prior to the termination date thereof that defendant discharged him and terminated the contract. As a second cause of action, plaintiff alleged that defendant Chock Full O'Nuts Corporation (C.F.O'N.) " intentionally, maliciously and without reasonable justification or excuse " induced defendant Sol Cafe Mfg. Corp. to breach the contract. Based upon the evidence adduced at the trial, it is my opinion that plaintiff failed to make out a prima facie case of tortious interference with a contract right. It is undisputed that in 1962, subsequent to the execution of the contract and prior to plaintiff's discharge, C.F.O'N. purchased the stock of Sol Cafe Mfg. Corp. and became its sole stockholder. As the stockholder and parent company of Sol Cafe Mfg. Corp., C.F.O'N. had an existing economic interest to protect in recommending that plaintiff be discharged because of the information which it had obtained that he was a party to a fraud which was being perpetrated upon Sol Cafe Mfg. Corp. The rule is well settled that a corporate officer or director is not personally liable to a third party who has contracted with the corporation, on the theory of inducing a breach of contract, in that, while acting for the corporation, he has made decisions and has taken steps which result in the corporation's breaching its contract (32 N. Y. Jur., Interference, § 32). This rule has been extended to stockholders and it has been held that a stockholder is privileged to interfere with a contract between the corporation and a third party if the stockholder's purpose is to protect his own interest and he does not employ

improper means (*Morrison* v. *Frank*, 81 N. Y. S. 2d 743). In view of the legitimate economic and business interest which C.F.O'N. sought to protect in causing plaintiff's discharge, there is no basis in the record upon which to conclude that its interference with plaintiff's contract was unwarranted or unjustified so as to give rise to a cause of action against it for any damages which plaintiff may have sustained by reason of his discharge.